ALLEN, Acting Chief Judge.
Appellants, plaintiffs below, appeal an adverse summary judgment on their claim for damages allegedly occasioned by appel-lee’s agents having cut down and removed vegetation from appellants’ land during maintenance operations on an adjacent right-of-way. In three counts, appellants’ complaint sought recovery upon a theory of a trespass amounting to a constitutionally proscribed “taking” and, alternatively, upon a theory of implied contract. The lower court entered summary judgment for ap-pellee upon a finding that the facts of the cause did not demonstrate a “taking” within the purview of Section 12, Declaration of Rights, Constitution of the State of Florida, F.S.A., but merely demonstrated a trespass for which appellee was not liable.
Appellee, a political subdivision of the State, is invested with the sovereign power of eminent domain, the power to appropriate private property for a public use or purpose. This power is limited only by its terms, that the purpose of the expropriation be a public one, and by the constitutional provisions that the owner of the appropriated property receive just compensation for the property taken and that the'taking be accomplished by due process. Exercise of the power should be accomplished in legislatively prescribed condemnation proceedings and when this is not done, the aggrieved property owner may, notwithstanding the expropriating authority’s sovereign immunity, sue at law or in equity for such relief as may be appropriate. The aggrieved owner’s action may be, inter alia, ex delicto, in the nature of an action for continuing trespass, or ex contractu upon an implied contract. See 12 Fla.Jur., Eminent Domain, §§ 1-6, 16, 155-159.
In an action ex delicto it is essential that the facts underlying the action reflect circumstances which bring the cause within the purview of the constitutional guarantee of compensation for a "taking” and thus within -the exception to the sovereign’s immunity from such actions. It is essential that the pleading and, ultimately, the proof, demonstrate a “taking” for a public purpose and not merely a trespass unrelated ' to .the exercise of legitimate governmental power over private property. See e. g. Arundel Corp. v. Griffin, 1925, 89 Fla. 128, 103 So. 422; State Road Department of Florida v. Darby, Fla.App.1959, 109 So.2d 591. Similarly, in an action ex contractu upon a theory of implied contract arising from a tortious taking it is essential that the pleading and proof demonstrate a benefit to the defendant. The action on an implied contract, derived from the practice of “waiving the tort and suing in assumpsit,” is an action for restitution and is permitted only when the tortfeasor-promisor has been benefited by his wrong. See Prosser, Torts § 82 (2d Ed.1955) ; 28 Fla.Jur., Restitution and Implied Contracts §§ 1-5, 11 (1959). .
 In the instant case the appellee’s agents, in the maintenance of county owned right-o.f-way,. trespassed upon appellants’ land and destroyed property thereupon. The trespass was' not an exercise of the power of eminent domain, it was not an expropriation or “taking” for a public use and it was, accordingly, not actionable in tort as an exception to the doctrine of sovereign ' immunity. Neither, from the record, can it be said that appellee'benefited from the trespass and, accordingly, the tort could not be “waived” and an action on implied contract commenced. The trespass, accomplished in the performance of appel-lee’s duty, was neither a direct nor incidental “taking” of private property for a public purpose and gave rise to no right of recovery, in tort or quasi-contract, against appellee. State Road Department of Florida v. Darby, supra. Cf. Angelle v. State, 1948, 212 La. 1069, 34 So.2d 321, 2 A.L.R.2d 666 and Annot. 2 A.L.R.2d 677 (1948).
Affirmed.
WHITE, J., and DURDEN, WILLIAM L., Associate Judge, concur.