185 So.2d 468 (1966)
Allen T. WHITE and Mary Frances White, Petitioners,
v.
PINELLAS COUNTY, Florida, a Political Subdivision of the State of Florida, Respondent.
No. 34459.
Supreme Court of Florida.
April 13, 1966.
Rehearing Denied May 10, 1966.
Joseph S. Rodriguez, St. Petersburg, for petitioners.
*469 Page S. Jackson, County Atty., and Julian R. Howay, Asst. County Atty., for respondent.
HOBSON, Justice. (Ret.)
The petition filed in this case requests issuance of a writ of certiorari upon the theory of a conflict in decisions. It is directed to a decision of the District Court of Appeal, Second District, which court affirmed a summary judgment entered by the Circuit Court of the Sixth Judicial Circuit.
The petitioners are owners of certain real property located in Pinellas County. In their complaint, a copy of which is in the "record proper",[1] they allege that the respondent through its agents entered upon said lands of petitioners and cut down and removed a "heavy windbreak in the form of large trees, shrubs, and other vegetation, which was valuable as a windbreak in resisting heavy wind damage, frost, and freezing of valuable vegetation and crops produced on the property, and in serving as a necessary element in securing privacy in the home on the property." Petitioners further alleged that "said action of the agents of the County of Pinellas was done pursuant to a planned program of highway improvement." (Italics supplied.)
The respondent in its answer admitted that its agents entered upon petitioners' lands and cleared a portion of the underbrush along the northerly boundary thereof but respondent denied that said vegetation consisted of "large trees" or "shrubs" and averred that the vegetation cut from petitioners' lands "consisted of scrub oak, palmetto, myrtle, weeds and similar natural underbrush." Respondent further denied that said vegetation had any value as a windbreak in preventing frost or freeze damage or in serving as an element of privacy and expressly denied that the action of respondent's agents in the removal of said undergrowth was done pursuant to any "planned program of highway improvement." Respondent also averred that "the authority of its agents was limited to the clearing and removal of underbrush and debris from the right-of-way of County Road 49; that said agents had no authority to enter upon private property nor to cut or remove any growth or vegetation therefrom and that the acts alleged to have been committed by said agents upon the lands of plaintiffs were neither authorized, directed, participated in nor ratified by defendant."
Petitioners filed a motion for a summary judgment and supported said motion by their joint affidavit in which they swore to the allegations hereinbefore recited. Petitioners stated under oath that their property was "taken" pursuant to a "planned program of highway improvement."
Respondent also filed a motion for summary judgment and accompanied it with an affidavit of one Harry D. Dart, who was in charge of the maintenance crew engaged in the clearing of the right-of-way of County Road #49, abutting the property of petitioners. Mr. Dart was a foreman in the Right-Of-Way Maintenance Section of the County Engineering Department, Pinellas County, Florida. He supported under oath each and every averment of the answer filed on behalf of Pinellas County and specifically denied that any of the alleged acts of the agents of respondent upon land of petitioners "were done pursuant to a planned program of highway improvement * * *."
The Circuit Judge granted the motion of the respondent (defendant at the trial level) for the entry of summary judgment. He found "that the facts alleged in the complaint are not sufficient to show that plaintiff's property has been taken in the constitutional sense, but rather that the acts of the defendant amount only to a trespass for which defendant is not liable. It appearing therefore that there is no *470 genuine issue as to any material fact * * *".
The District Court of Appeal, Second District, affirmed the circuit court and made the following statements in its opinion:
"In the instant case the appellee's agents, in the maintenance of county owned right-of-way, trespassed upon appellants' land and destroyed property thereupon. The trespass was not an exercise of the power of eminent domain, it was not an expropriation or `taking' for a public use and it was, accordingly, not actionable in tort as an exception to the doctrine of sovereign immunity."
Although the District Court of Appeal did not verbatim, litteratim et punctatim state in its opinion, as did the Circuit Judge upon entry of the summary judgment, that "there is no genuine issue as to any material fact," such ruling is implicit in the appellate court's affirmance of this case upon appeal.
This ruling must have been predicated upon a concept of the law to the effect that regardless of the allegations that Pinellas County, through its agents, cut down "large trees, shrubs and vegetation which was valuable as a wind-break in resisting heavy wind damage, frost and freezing of valuable vegetation and crops produced on the property, and in serving as a necessary element in securing privacy in the home on the property" and "that said action of the agents of the County of Pinellas was done pursuant to a planned program of highway improvement" the shield of governmental immunity remains impregnable and is not penetrated or removed by virtue of the well recognized exception to that primary rule, i.e., the taking of a citizen's property for a "public use" or "public purpose."
We are persuaded to the view that if in truth and in fact the respondent, through its agents, cut down large trees, shrubs, etc., which were on the lands of and were valuable to, petitioners as alleged, and that such action of respondent was done pursuant to a planned program of highway improvement, the exception to the rule of sovereign immunity is applicable rather than the rule itself. Certainly if these allegations be true, the "taking" of petitioners' property was for a "public purpose" or "public use" and in this case, as in many others, these expressions are synonymous.
Petitioners assert conflict with the decision of the District Court of Appeal, First District, in the case of State Road Department of Fla. v. Darby (1959) 109 So.2d 591, and with this Court's decision in State Road Department of Fla. v. Tharp (1941) 146 Fla. 745, 1 So.2d 868. In Darby, the Court cited the case of Angelle v. State, 212 La. 1069, 34 So.2d 321, 2 A.L.R.2d 666, in support of the following pronouncement:
"There can be no recovery against a government agency where the activities engaged in are the mere performance of some public function or duty unrelated to a deliberate taking or necessary damaging of private property."
The District Court of Appeal, First District, then, however, stated that:
"The converse is true where, as in this case, the public authority prepares the plans and specifications for the work, exercises supervision over it, becomes acquainted with a faulty performance under the contract that results in damage amounting to the taking without just compensation of the property of another, and fails to promptly take such steps as may be necessary to repair the injury and avert a recurrence or aggravation thereof. Under such circumstances the taking is implied on the theory that the damage was a necessary incident to the prosecution of the work." (Italics supplied.)
In Tharp (supra) the Supreme Court, inter alia, said:
"If a State agency can deliberately trespass on and destroy the property of the *471 citizen in the manner shown to have been done here and then be relieved from making restitution on the plea of nonliability of the State for suit, then the constitutional guaranty of the right to own and dispose of property becomes nothing more than the tinkling of empty words. Such a holding would raise administrative boards above the law and clothe them with an air of megalomania that would eternally jeopardize the property right of the citizens. It would reverse the order of democracy in this country and head it into a blind alley.
"American democracy is a distinct departure from other democracies in that we place the emphasis on the individual and protect him in his personal property rights against the State and all other assailants."
We are of the opinion that the challenged decision of the District Court of Appeal, Second District, is in conflict with the decision in Darby and the decision in Tharp. This is so because the allegations of the complaint to which we have heretofore alluded, should have been accepted as true. Moreover, neither the Circuit Judge, nor the District Court of Appeal, Second District, should have assumed said allegations to be false or that petitioners would not, upon trial, be able to sustain them by competent proof.
Both the Circuit Judge and the District Court of Appeal, Second District, either indulged the suggested assumptions, or one of them, or they, as heretofore mentioned, were persuaded to the view that the action of the respondent, through its agents, although taken "pursuant to a Planned program of highway improvement," (italics supplied) was, nevertheless, merely a "trespass" and was "not an expropriation or `taking' for a public use. * * *".
We must disagree, albeit, we are impelled to say that, if the premise were sound the opinion filed by the District Court of Appeal, Second District, should be classified as an excellent treatise upon the subject at hand.
This case should go to trial before a jury and that body should determine as a matter of fact: First, whether large trees, shrubs, etc., located on petitioners' property, which were valuable to petitioners, were actually cut down and destroyed by respondent, acting through its agents; second, whether, if the first question be decided in favor of petitioners, the action of respondent's agents was taken "pursuant to a planned program of highway improvement;" and third, in the event both the first and second issues should be resolved in petitioners' favor, then and in that event the jury should fix the value, if any, of the large trees, shrubs, etc., as a "wind-break" and/or "privacy-screen", as alleged.
On the other hand, if either of the first two issues should be decided Favorably to the respondent, the petitioners should take nothing by their action and respondent should go hence without day. No court at this juncture can prognosticate with reference to the third suggested query as to the value of the large trees, shrubs, etc., as a "wind-break" or "privacy-screen." It could, of course, develop that the case ultimately should be disposed of upon the principle of de minimis non curat lex.
The oppugned decision of the District Court of Appeal, Second District, is quashed with directions that this case be remanded to the Circuit Court, Sixth Judicial Circuit for trial upon the merits.
DREW and ERVIN, JJ., and JOHNSON, District Court Judge, concur.
THORNAL, C.J., agrees to conclusion.
THOMAS and O'CONNELL, JJ., dissent.
NOTES
[1] See Foley v. Weaver Drugs, Inc., Fla., 177 So.2d 221.