LILES, Chief Judge.
This marks the second appearance of this case before this court. We first heard it on appeal from a summary judgment entered in favor of Pinellas County at 174 So.2d 88 where we affirmed the entry of the summary judgment. The Supreme Court at 185 So.2d 468 entertained certiorari upon the theory of a conflict in decisions. ' The Supreme Court in an able opinion written by the late Justice Hobson quashed this court’s opinion and remanded the case to the circuit court for trial upon the merits. Upon remand, the trial court after hearing plaintiff-appellants’ case granted defendant-appellee’s motion for a directed verdict.
We do not deem it necessary to again recite the facts of the case since they are adequately set out in the Supreme Court’s opinion at 185 So.2d 468. In this opinion at page 471, Justice Hobson said:
“This case should go to trial before a jury and that body should determine as a matter of fact: First, whether large trees, shrubs, etc., located on petitioners’ property, which were valuable to petitioners, were actually cut down and destroyed by respondent, acting through its agents; second whether, if the first question be decided in favor of petitioners, the action of respondent’s agents was taken ‘pursuant to a planned program of highway improvement;’ and third, in the event both the first and second issues should be resolved in petitioners’ favor, then and in that event the jury should fix the value, if any, of the large trees, shrubs, etc., as a ‘wind-break’ and/or ‘privacy-screen’, as alleged.
“On the other hand, if either of the first two issues should he decided favorably to the respondent, the petitioners should take nothing by their action and respondent should go hence without day. No court at this juncture can prognosticate with reference to the third suggested query as to the value of the large trees, shrubs, etc., as a ‘wind-break’ or ‘privacy-screen.’ It could, of course, develop that the case ultimately should be disposed of upon the principle of de minimis non curat lex.” (Emphasis added)
Certainly the Supreme Court’s opinion did not relieve appellants of the burden of presenting a prima facie case. The Supreme Court has clearly pointed out that both issues, i. e., whether large trees, shrubs, etc., were actually cut down and destroyed by appellee and whether they were taken pursuant to a “planned program of highway improvement,” must be proven. We have searched the record in vain for evidence to support the allegation that the property taken from appellants was taken for the purpose of a “planned program of highway improvement.” Since there is not one iota of evidence in the record to show that this taking was pursuant to a “planned program of highway improvement,” we find the trial court was correct in directing a verdict for appellee.
Affirmed.
SHANNON and PIERCE, JJ., concur.