DREW, Justice.
Certiorari has been granted in' this cause on the ground of conflict between the decision of the district court and that of this Court in the case of Holl v. Talcott, Fla. 1966, 191 So.2d 40, opinion filed June 1, 1966, rehearing denied reversing the decision of the district court therein, Fla.App. 1965, 171 So.2d 412. Upon appeal in the case at bar the district court affirmed upon authority of its decision in Holl v. Talcott and other cases discussed in the opinion of this Court first above cited.
Final judgment in the trial court on motion for summary judgment for defendant in this medical malpractice action was based on a finding that the responsive medical affidavit filed by plaintiff “does not give rise to any genuine issue as to any material fact.” The affidavit relied on by movant, however, in this case as in Holl v. Talcott, consisted simply of a conclusion without medical explanation that the treatment in question, unspecified other than by reference to records, had no causal relationship to plaintiff’s ultimate loss of his finger by amputation, and an opinion that the defendant physician’s care fell within the standards “for similar practitioners under similar conditions in this area.” It was also the opinion of the affiant, the surgeon to whom plaintiff was referred by defendant some ten days after injury and initial treatment, that “based upon reasonable medical probability, the type of injury which John Scanlon received to his left index finger would have resulted in amputation, regardless of any preliminary care and treatment which might have been rendered to him.”
Upon application of the principles elaborated in our opinion in Holl v. Talcott, sü- *554 pra, we conclude that the movant in this cause did not meet the burden of demonstrating conclusively the absence of genuine issues of material fact, and the question of sufficiency of plaintiffs responsive medical affidavit should never have been reached. The decision below is accordingly quashed and the cause remanded with directions that the summary judgment be reversed.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS and O’CONNELL, JJ., concur.