WIGGINTON, Judge.
Appellant, who was plaintiff in the trial court, appeals a summary final judgment rendered in favor of appellees on the issues made by the complaint and answer. Appellees cross-appeal the summary final judgment rendered in favor of appellant on their counterclaim.
This action is one for declaratory judgment in which it is prayed for a declaration of plaintiff’s rights and interest in a parcel of real estate conveyed by him to defendant Nethery. The complaint alleges that the conveyance was made for the purpose of enabling defendants to reconvey it to a corporation yet to be formed in which both parties would have an interest. Plaintiff alleges that defendant defaulted in his performance of the agreement and *847 retains title to the property in his own name, refusing to recognize plaintiff as having any interest in it. By his answer defendant Nethery admits that he received a conveyance of the property in question from plaintiff but alleges that it was made in satisfaction of debts owed him by plaintiff and not for the purposes alleged in the complaint. Defendant further counterclaimed for sums of money owed him by plaintiff, all of which was denied by plaintiff in his answer.
The depositions of both parties were taken and plaintiff made certain admissions requested by defendant. Plaintiff in turn moved the court for an order requiring defendant to produce certain business records for plaintiff’s inspection and copying, but this motion was never ruled upon by the court.
An examination of the admissions made by plaintiff and the depositions given by the principal parties, together with the pleadings, exhibits, and other evidence in the record, reveals many disputed issues of fact concerning the purpose of and consideration for the conveyance of real estate by plaintiff to defendant, as well as the existence of indebtedness claimed to be owed by plaintiff to defendant for which defendant claimed judgment. Without ruling on plaintiff’s motion to produce, and upon defendant’s motion therefor, the trial court rendered its summary final judgment in favor of defendant on the issues made by the complaint and in favor of plaintiff on the issues made by the defendant’s counterclaim. No judicial declaration adjudicating the rights of the respective parties in the parcel of real estate which forms the subject matter of this action was ever made by the trial court, and that issue remains unresolved.
It is so fundamental and well established as to not require citations of authority that where the pleadings, depositions, exhibits, and other evidence in the file reveal genuine issues of material fact relative to the cause of action sued upon and the defenses interposed thereto, summary judgment is improper and should be denied.[1] Furthermore, regarding plaintiff’s motion for an order requiring defendant to produce documents having a bearing on the issues made by the pleadings herein which was not ruled upon by the trial court prior to rendition of the summary judgment here reviewed, this court said in the case of Gay-mon v. Quinn Menhaden Fisheries of Texas, Inc. :[2]
“From the affidavit signed by the plaintiff’s counsel in this case it cannot be questioned that ‘all evidence which may support that litigant’s contention’ was not before the court at the hearing on the defendant’s motion for summary judgment. The reason why all such evidence was not then available for presentation to the court at the hearing is amply clear. The proper .procedure in this case would have been for the trial court either to have postponed final disposition of the motion for such reasonable time as may have been necessary for the plaintiff’s counsel to interrogate the other members of the crew and procure from them such affidavits as he could, or to deny the motion and promptly set the cause for trial on the merits. In either event the plaintiff would have been afforded her opportunity properly to defend against the motion for summary judgment or to fully present her evidence before a jury on a trial of the issues.”
There is another compelling reason why summary judgment was not the proper method of disposing of this litigation. In the early pleading stages of the case, defendant filed a motion to dismiss the complaint because of its failure to state a cause of action for declaratory relief, which motion was denied. By such ruling it was determined that the complaint was *848 legally sufficient to require a judicial declaration of the parties'' rights thereunder. This being the case, plaintiff was entitled to a judgment adjudicating his rights, if any, to the parcel of land in question even though the judgment may have been adverse to his interest and contention. In Jackson Tom, Inc. v. Carlton,[3] this court held:
“* * * The possibility that a proper interpretation of the contract or agreement in question will result in a decree adverse to the contentions of the plaintiffs as alleged in their complaint will not preclude the right of the plaintiffs to such decree. * * *”
For the foregoing reasons, the summary final judgment forming the basis of this appeal and cross-appeal is reversed and the cause remanded for further proceedings on the merits in accordance with the views expressed herein.
Reversed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. Holl v. Talcott (Fla.1966), 191 So.2d 40.

. Gaymon v. Quinn Menhaden Fisheries of Texas, Inc. (Fla.App.1959), 108 So.2d 641, 644.

. Jackson Tom, Inc. v. Carlton (Fla.App.1961), 133 So.2d 752, 754. See also Kickliter v. National Union Fire Insur-anee Company (Fla.App.1966), 188 So.2d 872.