306 So.2d 194 (1975)
Grady Scott CONNELL, Appellant,
v.
James S. SLEDGE and United States Fidelity & Guaranty Company, a Maryland Corporation, Appellees.
No. W-102.
District Court of Appeal of Florida, First District.
January 16, 1975.
*195 John D. Buchanan, Jr., of Henderson, Richardson, Henry, Buchanan, Munroe & Rodman, Tallahassee, for appellant.
W.K. Whitfield, Tallahassee, Henry C. Hamilton, Monticello, and M.D. Lamb, Jr., Tallahassee, for appellee.
BOYER, Acting Chief Judge.
By this appeal we are asked to reverse a summary final judgment entered by the trial court in favor of appellees.
Appellant filed a complaint alleging that he employed appellee Sledge, a licensed dentist, to remove a tooth which had bothered him for several days. It is further alleged that the dentist, in extracting said tooth and in performing the dental work, failed to exercise the ordinary care and degree of skill generally exercised by dentists in like cases and that the dentist carelessly, recklessly and negligently, either by hypodermic needle or with the use of the extracting equipment, caused a nerve or nerves to be cut or damaged in the lower left jaw of the appellant, resulting in appellant suffering loss of feeling in his jaw, causing his mouth to droop and rendering him unable to pronounce words correctly. The dentist admitted treating appellant but denied that he did so recklessly, carelessly or negligently and denied that a nerve or nerves were allowed or caused to be cut or damaged in appellant's jaw. Depositions of appellant and the dentist were taken and filed with the court. In his deposition the dentist stated that appellant returned to his office the day following the extraction at which time the dentist examined and treated appellant for his complaint and requested appellant to return for further treatment if he had any further difficulty. At that visit X-rays were taken and a small piece of the root of the tooth was found to be lodged in the gum. The dentist explained to appellant that in his opinion the end of the root remaining in the gum would cause no problem, but appellant was told that if there was any problem the dentist *196 would refer appellant to an oral surgeon. A third visit to the dentist's office was made by appellant approximately one week later at which time it appeared that some of the numbness had cleared up but some was yet experienced in the left jaw and in the lip. The dentist again informed appellant that he would send appellant to an oral surgeon for examination and treatment if there was any difficulty. Apparently appellant never returned.
Appellees filed a motion for summary judgment. No counter affidavits or other evidence were filed by appellant opposing that motion. A final summary judgment was thereupon entered by the trial judge in favor of the appellees, the dentist and his insurance carrier. In his judgment, the trial judge noted that appellant had failed to file any opposing affidavits as he was entitled to do under Rule 1.510(e) RCP.
Summary judgments are governed by the provisions of Rule 1.510 RCP. Summary judgment proceedings may not be used as a substitute for a trial. (Farrey v. Bettendorf, Sup.Ct.Fla. 1957, 96 So.2d 889) A summary judgment proceeding is not a trial by affidavit or deposition. (Weinstein v. General Accident Fire & Life Assur. Co., Fla.App. 1st 1962, 141 So.2d 318) A summary judgment may be granted only in cases where there is no issue of material fact. (Williams v. City of Lake City, Sup.Ct.Fla. 1953, 62 So.2d 732) The allegations of the complaint (when the defendant moves for summary judgment) must be accepted, for the purposes of the motion, as true. (White v. Pinellas County, Sup.Ct.Fla. 1966, 185 So.2d 468) The burden is upon the party moving for summary judgment to establish that there is no issue of material fact and that he is entitled to a judgment as a matter of law. (Hughes v. Jemco, Inc., Fla.App. 1st 1967, 201 So.2d 565) If the pleadings, depositions, answers to interrogatories, admissions, affidavits and other evidence in the file raise the slightest doubt upon any issue of material fact then a summary judgment may not be entered. (Williams v. City of Lake City, supra; Crovella v. Cochrane, Fla.App. 1st 1958, 102 So.2d 307) A party against whom a summary judgment is sought is not required to file a counter affidavit in order to defeat the motion. (Williams v. City of Lake City, supra; National Exhibition Company v. Ball, Fla. App.2d 1962, 139 So.2d 489; Williams v. Board of Public Instruction, Sup.Ct.Fla. 1952, 61 So.2d 493)
However, if the pleadings, depositions, answers to interrogatories, admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law then the motion for summary final judgment must be granted. (Rule 1.510 RCP; 30 Fla.Jur., Summary Judgments, Sections 6-9, and the many cases there cited)
Although, as above stated, the burden is upon the party moving for summary judgment to establish the absence of any issue of material fact and the party against whom summary judgment is sought is not required to file any opposing affidavits, he has the right so to do and if the contents of the file, specifically the items referred to in Rule 1.510 RCP, establish no issue of material fact then it does become incumbent upon the party against whom the judgment is sought to demonstrate, by affidavit or otherwise, the existence of an issue of material fact in order to avoid having a summary judgment rendered against him.
Although malpractice cases do raise special problems (see 30 Fla.Jur., Summary Judgments, Section 19.8; Holl v. Talcott, Sup.Ct.Fla. 1966, 191 So.2d 40; Atkins v. Hume, Fla.App. 2nd 1958, 107 So.2d 253; Foster v. Thornton, Sup.Ct. 1936, 125 Fla. 699, 170 So. 459) The "equal protection of the laws" provisions of the State and Federal Constitutions require that the rules of procedure and laws generally, apply equally *197 to all citizens, whether or not they enjoy a professional status. (See also DeVaney v. Rumsch, Sup.Ct.Fla. 1969, 228 So.2d 904)
Our review of the record on appeal reveals that the learned trial judge correctly applied each of the principles herein reviewed and that he was eminently correct in finding that the record before him demonstrated no genuine issue as to any material fact and that the appellee was entitled to a summary final judgment as a matter of law.
Affirmed.
JOHNSON, J., and STURGIS, WALLACE E., Jr., Associate Judge, concur.