308 So.2d 141 (1975)
William H. FORREST, As Husband and Administrator of the Estate of Frances Jean Forrest, Deceased, Appellant,
v.
W.D. CARTER and Lisenby Hospital, Ltd., a Limited Partnership, Appellees.
No. T-54.
District Court of Appeal of Florida, First District.
January 28, 1975.
Robert Orseck, of Podhurst, Orseck & Parks, and Colson & Hicks, Miami, for appellant.
Ernest W. Welch, Panama City, and Donald H. Partington, of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellees.
PER CURIAM.
On the morning of November 11, 1970, Mrs. Frances Jean Forrest, a patient of Dr. W.D. Carter at Lisenby Hospital in Bay County, Florida, gave birth prematurely to a baby boy. A few hours later the baby died and that evening Mrs. Forrest died. As a result of his wife's death, Mr. William H. Forrest, the surviving husband and administrator, sued Dr. Carter and Lisenby Hospital for damages in Bay County Circuit Court. The action was commenced under the wrongful death statute, former F.S. 768.01-768.02, and the survival statute, F.S. 46.021. The complaint, as amended, alleged various acts of professional negligence in the treatment and care of the decedent. The liability insurance carriers were joined as parties defendants. The defendants answered, denied liability, and interposed affirmative defenses of contributory negligence and assumption of risk. Various motions and orders, directed to the pleadings and discovery, were made. A mass of discovery was had, and eight depositions were taken and filed. The defendants ultimately moved for summary final judgment. An expert witness affidavit was filed by the plaintiff. Thereafter, a hearing was had on February 27, 1973, at the conclusion of which the trial court granted the motions for summary judgments. Separate summary final judgments were entered in favor of Dr. Carter and Lisenby Hospital. Separate appeals were taken by the plaintiff from each of those summary judgments. We here consider the appeal taken from the summary final judgment in favor of Dr. Carter.
The sole point on appeal relates to the propriety of the entry of the summary judgment.
First, we observe that there is a clear distinction between a motion to dismiss and a motion for summary judgment. They are governed by different rules and civil *142 procedure. Generally, motions to dismiss are governed by Rule 1.420 RCP, motions for summary judgment by Rule 1.510 RCP.
The principles controlling summary judgments have been carefully delineated in the rules and case law. (Rule 1.510 RCP; Connell v. Sledge et al., Fla.App., 306 So.2d 194, opinion filed January 16, 1975; Holl v. Talcott, Sup.Ct.Fla. 1966, 191 So.2d 40; Visingardi v. Tirone, Sup.Ct.Fla. 1966, 193 So.2d 601; Biro v. Geiser, Sup.Ct.Fla. 1967, 199 So.2d 461; Scanlon v. Litt, Sup.Ct.Fla. 1966, 191 So.2d 553; Spencer v. Halifax Hospital District, Fla.App.1st 1970, 242 So.2d 143; Wilson v. State Road Department, Fla.App.1st 1967, 201 So.2d 619; Campbell v. Anheuser-Busch, Inc., Fla. App. 1972, 265 So.2d 557; Croft v. York, Fla.App.1st 1971, 244 So.2d 161; Hodor v. Sayet, Fla.App.3rd 1967, 196 So.2d 205; Lab v. Hall, Fla.App.4th 1967, 200 So.2d 556; and Caswell v. Nethery, Fla.App.1st 1972, 258 So.2d 846) No useful purpose will be served by repeating those principles here. Suffice to say, as the rule itself provides, "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added) If there is a genuine issue as to any material fact then summary judgment may not be entered.
The record before us reveals numerous genuine issues of fact which are material to a proper resolution of the case. Such facts are to be determined by a jury (in cases wherein timely demand for jury trial has been made) and such issues may not be resolved by a trial judge on motion for summary judgment.
At the conclusion on the hearing on the motion for summary judgment the trial judge, after stating that the motion would be granted, said "I don't know what else he could have done." Neither do we and perhaps a jury will not either. But that determination is not ours. The parties are entitled to have the issues of material fact, including those facts relative to any affirmative defenses (see Hoffman v. Jones, Sup.Ct.Fla. 1973, 280 So.2d 431) resolved by a jury.
Reversed and remanded for further proceedings consistent herewith.
RAWLS, C.J., and BOYER and McCORD, JJ., concur.