317 So.2d 781 (1975)
R. Diane BURLINGHAM, Appellant,
v.
Patricia Gilmer ALLEN, Also Known As Patricia Ann Gilmer, et al., Appellees.
No. W-182.
District Court of Appeal of Florida, First District.
August 13, 1975.
Maurice Wagner, and Richard D. Bertone, Daytona Beach, for appellant.
Alfred A. Green, Jr., of Green, Strasser & Hammond, Daytona Beach, for appellees.
PER CURIAM.
Appellant, plaintiff in the trial court, now appeals from a summary final judgment entered in favor of the defendant Matthew L. Gold. Although other issues are raised, appellant's primary point relates to the propriety of the entry of the final summary judgment. It is elementary that upon a motion for a summary judgment being properly and timely filed the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Rule 1.510 RCP) The principles of law applicable to summary judgment have been heretofore thoroughly discussed by this Court (see Connell v. Sledge, Fla.App. 1st 1975, 306 So.2d 194 and Forrest v. Carter, Fla.App. 1st 1975, 308 So.2d 141) and nothing will be added to the jurisprudence of this State by again reciting those principles here. We have carefully examined the record on appeal and find that at the time the appellee's motion for summary judgment was heard by the trial judge and at the time of the entry of the summary final judgment here appealed the pleadings, depositions, and affidavits then on file demonstrated that there was no issue as to any material fact. The learned trial judge was accordingly eminently correct in entering the summary final judgment. There is nothing in the record-on-appeal to reflect any motion to have that summary final judgment vacated or set aside.
The appellant having failed to demonstrate error, the summary final judgment here appealed is
Affirmed.
BOYER, C.J., and McCORD and MILLS, JJ., concur.