322 So.2d 40 (1975)
Jack S. GRAFF and Faith Investment Co., Inc., Appellants,
v.
R.L. McNEIL et al., Appellees.
No. X-254.
District Court of Appeal of Florida, First District.
October 27, 1975.
Rehearing Denied December 5, 1975.
*41 Jack S. Graff of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellants.
Robert P. Gaines of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellees.
BOYER, Chief Judge.
Does the Florida "No-Fault Insurance Act" alter the established law relative to summary judgments? We answer in the negative.
Appellant Graff filed an unsworn complaint seeking damages for injuries allegedly suffered in an automobile accident. That complaint alleged permanent injuries. In answer to interrogatories propounded by the defendant (one of the appellees here) Graff stated that his medical expenses amount to $1.50 for aspirin and that no physician had been consulted incident to his injuries. Another interrogatory requested the name and address of any physician expected to testify that the plaintiff had sustained permanent injury within a reasonable medical probability, to which the plaintiff responded "Unknown to plaintiff at present time." The defendant filed an affidavit that at the time of the subject collision he had in effect a policy of automobile insurance providing coverage as required by the Florida Financial Responsibility Act and personal protection insurance as required by the Florida Automobile Reparations Reform Act. In ruling on a defense motion for summary judgment the learned trial judge held that under the "no-fault" act a plaintiff may maintain a suit for damages only if he alleges and proves either medical expenses exceeding $1,000 or injuries permanent in character, that such allegations and proof are jurisdictional and that unless the record reflects a justiciable issue as to one of those factors the court is without jurisdiction. The court further found that "the defendants are entitled to have the plaintiff, Graff, raise an issue of fact by a proffer of evidence. He has not done so and the defendants are entitled to summary judgment."
We emphasize that we here review the propriety of the entry of a summary judgment;[1] not a judgment entered pursuant to directed verdict,[2] not a judgment of *42 dismissal[3] and not a judgment on the pleadings.[4] The distinctions are important.[5]
So far as the procedural propriety of the entry of the summary judgment is concerned[6] this case is very similar to Connell v. Sledge, Fla.App.1st 1975, 306 So.2d 194, wherein we said:
"Appellees filed a motion for summary judgment. No counter affidavits or other evidence were filed by appellant opposing that motion. A final summary judgment was thereupon entered by the trial judge in favor of the appellees, the dentist and his insurance carrier. In his judgment, the trial judge noted that appellant had failed to file any opposing affidavits as he was entitled to do under Rule 1.510(e) RCP.
"Summary judgments are governed by the provisions of Rule 1.510 RCP. Summary judgment proceedings may not be used as a substitute for a trial. (Farrey v. Bettendorf, Sup.Ct.Fla. 1957, 96 So.2d 889). A summary judgment proceeding is not a trial by affidavit or deposition. (Weinstein v. General Accident Fire & Life Assur. Co., Fla.App.1st 1962, 141 So.2d 318). A summary judgment may be granted only in cases where there is no issue of material fact. (Williams v. City of Lake City, Sup.Ct. Fla. 1953, 62 So.2d 732). The allegations of the complaint (when the defendant moves for summary judgment) must be accepted, for the purposes of the motion, as true. (White v. Pinellas County, Sup.Ct.Fla. 1966, 185 So.2d 468). The burden is upon the party moving for summary judgment to establish that there is no issue of material fact and that he is entitled to a judgment as a matter of law. (Hughes v. Jemco, Inc., Fla.App. 1st 1967, 201 So.2d 565). If the pleadings, depositions, answers to interrogatories, admissions, affidavits and other evidence in the file raise the slightest doubt upon any issue of material fact then a summary judgment may not be entered. (Williams v. City of Lake City, supra; Crovella v. Cochrane, Fla.App. 1st 1958, 102 So.2d 307). A party against whom a summary judgment is sought is not required to file a counter affidavit in order to defeat the motion. (Williams v. City of Lake City, supra; National Exhibition Company v. Ball, Fla.App.2d 1962, 139 So.2d 489; Williams v. Board of Public Instruction, Sup.Ct.Fla. 1952, 61 So.2d 493).
* * * * * *
"Although, as above stated, the burden is upon the party moving for summary judgment to establish the absence of any issue of material fact and the party against whom summary judgment is sought is not required to file any opposing affidavits, he has the right so to do and if the contents of the file, specifically the items referred to in Rule 1.510 RCP, establish no issue of material fact then it does become incumbent upon the party against whom the judgment is sought to demonstrate, by affidavit or otherwise, the existence of an issue of material fact in order to avoid having a summary judgment rendered against him." (306 So.2d 196)
As above recited the unsworn complaint alleged an injury permanent in character. In order for the defendant to have been entitled to a summary judgment it was necessary for that allegation to have been negated under oath. No such negatory proof was before the trial court. Although the plaintiff's answers to interrogatories *43 may well have raised an inference or suspicion that his injuries were not permanent, a summary judgment may not be based upon inferences nor suspicions. The allegations of the complaint (when the defendant moves for summary judgment) must be accepted, for the purposes of the motion, as true. The burden is upon the party moving for summary judgment to establish that there is no issue of material fact and that he is entitled to a judgment as a matter of law. A party against whom a summary judgment is sought is not required to file a counter-affidavit in order to defeat the motion. The foregoing principles of law are not altered by the Florida Automobile Reparations Reform Act. We do not here consider whether the plaintiff's complaint stated a cause of action under that act. Indeed such appears to be tacitly conceded by appellees. It is the allegata which establishes prima facie jurisdiction[7] not the probata.
We have not overlooked Connolly v. Sebeco, Inc.[8] However, the primary thrust of that case, and obviously the motivating factor which gave rise to the ultimate conclusion, is found in the statement:
"* * * The plaintiff is obviously on the horns of a dilemma  either there was no negligence in maintaining the stairs [negligent maintenance of the stairs was the basis and gravamen of the plaintiff's complaint against the defendant] or he [the plaintiff] was guilty of contributory negligence in using them." (89 So.2d at page 484)
Under the circumstances recited in that case the plaintiff was in the untenable position of either admitting that the defendant was not negligent or that the plaintiff was contributorily negligent. Contributory negligence at that time having been a complete defense under the law of the State of Florida, it follows that entry of summary judgment for the defendant was, as held by the Supreme Court, proper. Such are not the facts sub judice.
Neither is this Court's holding in Edgewater Drugs, Inc. v. Jax Drugs, Inc.[9] here controlling. In that case, the writer of the opinion said:
"* * * While a mere allegation in a pleading, unsupported by any evidence, cannot alone create a `genuine issue as to any material fact' that would preclude the entry of a summary judgment * * * such an allegation may perform the function of informing the trial court as to the theory of a party's claim or defense * * *". (138 So.2d at pages 528 and 529)
That language was not intended to suggest that "a mere allegation in a pleading" may be ignored unless it is later supported by evidence. Indeed, a careful reading of the entire opinion reveals that the court there recognized that the allegations in pleadings form the issues and may not be resolved by summary judgment unless the allegations of the pleadings of the party opposing the motion for summary judgment are not supported by evidence under oath but are in fact negated by evidence under oath.
The principle was succinctly stated by our sister court of the Second District in Soper v. Stine,[10] where it is said:
"On a motion for summary judgment, after the movant initially demonstrates the non-existence of factual issues, the non-moving party must make a showing, aside from his pleadings, that a fact issue can be generated, unless the undisputed facts would not entitle the movant to judgment as a matter of law. * * *" (184 So.2d at pages 894-895: Emphasis added)
*44 In that case the court also said:
"Primarily, we base our decision on the failure of the plaintiffs to allege, or by affidavit, deposition, interrogatory, or other appropriate matter, to make any showing that the defendants failed to make payments on the real estate required by the purchase money note and mortgage." (184 So.2d at page 893: Emphasis added)
By use of the conjunction "or" the court there clearly recognized that the issue as to the defendant's liability, insofar as passing on a motion for summary judgment was concerned, could be raised by either an allegation in the plaintiff's pleadings or by affidavit, deposition, interrogatory or other appropriate matter.
Notwithstanding our above holdings, we deem it appropriate to observe that it would appear that the plaintiff would have been on safer ground, much time and expense would have been saved and this appeal (which has been carefully briefed and argued) would have been rendered unnecessary had appellant followed the simple expediency of filing an affidavit in support of his claim of permanent injuries. Nevertheless, appellant's point has been preserved and properly presented to us, albeit expensively in time, money and judicial labors, and he is entitled under the laws of the State of Florida to have the point resolved by this Court.[11]
Appellees further urge that in order to maintain an action under the Florida Automobile Reparations Reform Act based on an injury permanent in character it is incumbent upon an injured party to adduce testimony by a physician to that effect.[12] However, it does not appear that such issue was ruled upon by the learned trial judge nor do we find it necessary for us to do so based upon the record on appeal sub judice.
Reversed and remanded for further proceedings consistent herewith.
MILLS, J., concurs.
SMITH, J., dissents.
SMITH, Judge (dissenting):
I would affirm the summary judgment, as the Court did in Connell v. Sledge, 306 So.2d 194 (Fla.App. 1st, 1975), relied on by the majority. There is no shred of evidence giving rise to an inference that appellant Graff's injuries are permanent. Strong contrary inferences arise from the evidence that, more than four months after the collision, he had treated his injuries with $1.50 worth of aspirin, had consulted no physician or medical facility and had no expert witness in mind to establish permanency. Those inferences are conclusive, at least for the present. The paper issue made by the pleadings does not require the busy trial judge to keep the case at hand awaiting the emergence, who knows when, of countervailing evidence. Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525, 528-29 (Fla.App. 1st, 1962); Connolly v. Sebeco, Inc., 89 So.2d 482, 483 (Fla. 1956); Soper v. Stein, 184 So.2d 892 (Fla.App. 2nd, 1966).
Appellant Graff, a lawyer handling his own case here and in the trial court, argued before us that plaintiff's own testimony can make a case sufficient to go to the jury on the question of the permanency of an injury. To illustrate his point and perhaps to supply substance to his claim of permanency, lawyer Graff in arguing the case complained of his back and advised us that pre-existing arthritis when permanently aggravated by trauma can be treated only by aspirin. If as lawyer/litigant Graff insists his own testimony to the recited facts would make an issue on the *45 question of permanency, it does not seem to me too great a burden for him  who, after all, had an accessible client and a free lawyer  to have recited those facts in an affidavit opposing the motion for summary judgment.
The time to ascertain whether the defendant in automobile personal injury litigation has immunity by reason of § 627.737(1), F.S. 1973, is at or near the outset, not after the already-burdened judicial system has carried the problematical case into trial. I would amend the judgment to render it without prejudice to the filing of a new action should evidence of permanent injuries appear within the limitation period or should appellant Graff otherwise acquire a right of action under § 627.737(2), F.S. 1973. Smith v. United States Fidelity & Guaranty Co., 305 So.2d 216 (Fla.App. 1st, 1974); Lasky v. State Farm Ins. Co. 296 So.2d 9 (Fla. 1974). And I would affirm the judgment as amended. Cf. Gulf Power Co. v. Stack, 296 So.2d 572 (Fla. App.1st, 1974).
NOTES
[1] Rule 1.510 RCP
[2] Rule 1.480 RCP
[3] Rule 1.420 RCP
[4] Rule 1.140 RCP
[5] See Dawson v. Blue Cross Association, Fla. App. 1st 1974, 293 So.2d 90; Bradham v. Haynes Enterprises, Inc., Fla.App. 1st 1975, 306 So.2d 568 and Forrest v. Carter, Fla.App. 1st 1975, 308 So.2d 141.
[6] The procedural propriety of the entry of the summary judgment is the only issue presented squarely for our determination.
[7] Thompson v. City of Jacksonville, Fla.App. 1st 1961, 130 So.2d 105
[8] Sup.Ct.Fla. 1956, 89 So.2d 482
[9] Fla.App. 1st 1962, 138 So.2d 525
[10] Fla.App. 2nd 1966, 184 So.2d 892
[11] Please see McClurkin v. Parrish Volvo, Inc., Fla.App. 1st 1975, 317 So.2d 85
[12] See, however, Gallub v. Del Vecchio, Fla. App. 3rd 1974, 301 So.2d 785