321 So.2d 112 (1975)
Florus F. NORMAN, Appellant,
v.
BANK OF HAWTHORNE, a Florida Banking Corporation, Appellee.
No. X-298.
District Court of Appeal of Florida, First District.
October 29, 1975.
Selig I. Goldin, Goldin & Turner and William D. Reynolds, Gainesville, for appellant.
William C. Andrews, Andrews & DeLaney, Gainesville, for appellee.
PER CURIAM.
Appellant here appeals a summary final judgment entered by the trial court in favor of appellee. The crux of the holding of the learned trial judge was that there was no genuine issue as to any material fact and that a certain certificate of deposit in the names of appellant and her husband, the names being joined by the word "or", was not held as tenants by the entireties. Appellant's affidavit, which was before the trial court, stated, inter alia, that "At the time the plaintiff and her husband obtained the certificate of deposit it was the desire and intent of plaintiff and her husband that the certificate of deposit be a tenancy by the entirety and at all times pertinent the plaintiff and her husband treated the certificate of deposit as a tenancy by the entirety."
The Supreme Court of Florida has held that the conjunction employed is not determinative. (Hagerty v. Hagerty, Sup. Ct.Fla. 1951, 52 So.2d 432, First National Bank of Leesburg v. Hector Supply Co., Sup.Ct.Fla. 1971, 254 So.2d 777)
A trial court, in ruling on a motion for summary judgment, may not resolve controverted issues of fact. The principles of law applicable to summary judgment have been heretofore thoroughly discussed by this Court (Connell v. Sledge, Fla.App. 1st 1975, 306 So.2d 194, Forrest v. Carter, Fla.App. 1st 1975, 308 So.2d 141 and Burlingham v. Allen, Fla.App. 1st 1975, 317 So.2d 781, opinion filed August 13, 1975) and nothing will be added to the jurisprudence *113 of this State by again reciting those principles here.
We here express no view as to what the true facts are, as such is not our prerogative. Neither do we speculate as to the proper disposition of the case following the adducing of evidence at trial. (We note that the record before us does not reveal a demand for jury trial.) We here only hold that sub judice "the pleadings * * * together with the affidavits * * show that there is" a genuine issue as to a material fact, thus prohibiting entry of summary judgment. (Rule 1.510(c) RCP)
Reversed and remanded.
BOYER, C.J., RAWLS, J., and SACK, MARTIN, Associate Judge, concur.