335 So.2d 362 (1976)
ASSOCIATED HOUSING CORPORATION, Appellant,
v.
KELLER BUILDING PRODUCTS OF JACKSONVILLE, INC., Etc., Appellee.
No. AA-37.
District Court of Appeal of Florida, First District.
July 19, 1976.
*363 Edward C. Tietig, Miami, for appellant.
Philip C. Owen, Jacksonville, for appellee.
BOYER, Chief Judge.
After striking affirmative defenses filed by defendants, appellants here, a summary final judgment was entered in favor of plaintiff, appellee here. This appeal followed.
By amended complaint, Keller sought to recover for goods sold to Associated. The individual defendants were joined as guarantors. The complaint alleged, inter alia, that goods were sold to Associated and that as an inducement to Keller to sell such goods on credit the guarantors (the individual defendants, and appellants here) jointly and severally executed a written guaranty, a copy of which was attached. The defendants' answer admitted the sale, the guaranty and that the guaranty was an inducement to Keller to sell the goods on credit. It also, as amended, alleged five affirmative defenses. The trial court, on motion, struck the affirmative defenses and entered summary judgment for Keller.
We have examined the record and find that if the affirmative defenses were properly stricken then the summary judgment was appropriate. If, on the other hand, striking the defenses was error then there were unresolved issues of material fact rendering entry of summary judgment error. (Connell v. Sledge, Fla.App. 1st 1975, 306 So.2d 194)
Three of the alleged affirmative defenses (the first, third, and fifth) contained no legal (nor equitable) defensive matter. They were properly stricken and no useful purpose will be served by discussing them here.
Judith Stewart, Gretchen Glantz and Norma R. Poole, wives of the three male individual defendants, affirmatively alleged in the second affirmative defense that their guarantys were obtained "through the economic duress of the plaintiff and/or through the personal duress of their spouses * * * all of which the plaintiff well knew beforehand." While the claimed "economic duress", as alleged, was properly stricken, the allegation of personal duress was a proper defense and should not have been stricken. It matters not from whom the duress emanates, if an instrument is signed under duress and known to have been so induced by the party in whose favor it redounds then duress is a proper defense to an action on that instrument. *364 Whether there was in fact duress, and if there was whether it was known to the plaintiff, are matters of fact which were not negated by affidavit nor otherwise; therefore as to the three defendants last above named that affirmative defense was improperly stricken and the summary judgment improvidently entered.
In their fourth affirmative defense the defendants alleged that the goods sold by Keller to Associated were "building materials of a general nature" to which Keller "had a special right and title * * * until paid" and that "if the plaintiff had exercised those rights, the materials could have been retaken and resold * * * with only minor loss of transportation, interest, overhead, etc. That * * * defendants informed Keller of the facts and requested that they enter upon the property and remove those building materials which Keller failed and/or refused to do." Thus, the defendants claimed, Keller failed to mitigate its damages.
Copies of the invoices which are in the record reveal that each contains a provision that: "Title to materials delivered and/or installed pursuant to this order shall remain in the name of Keller Building Products, Inc., until same is paid in full, * * *".
Although titled, "Estoppel, Laches, Release and Waiver," defendants' fourth affirmative defense essentially alleged the doctrine of mitigation of damages or avoidable consequences. "This doctrine states that a party cannot recover damages flowing from consequences which that party could reasonably have avoided." 9A Fla. Jur. 250, "Damage", § 23. There is no indication that defendant waived the doctrine by word or deed. In Florida a contractor has a duty to take reasonable action to mitigate damages. (Nello L. Teer Co. v. Hollywood Golf Estates, Inc., 324 F.2d 669 (5th Cir.1963), cert. den. 377 U.S. 909, 84 S.Ct. 1169, 12 L.Ed.2d 178 (1964)) It follows that the fourth defense should not have been stricken. That defense raises a material issue of fact as to whether plaintiff failed to mitigate its damages. An issue to be resolved at trial is whether plaintiff should have pursued its remedy under F.S. 713.15 as part of its duty to mitigate damages.[1]
The summary judgment should not have been entered.
Reversed and remanded for further proceedings consistent herewith.
McCORD, J., and SCHLEGEL, LEW, Associate Judge, concur.
NOTES
[1] F.S. 713.15 provides, in pertinent part:

"If for any reason the completion of an improvement is abandoned or though the improvement is completed, materials delivered are not used therefor, a person who has delivered materials for the improvement which have not been incorporated therein and for which he has not received payment may peaceably repossess and remove such materials or replevy the same and thereupon he shall have no lien on the real property or improvements and no right against any persons for the price thereof, but shall have the same rights in regard to the materials as if he had never parted with their possession."