356 So.2d 50 (1978)
Herbert FEINMAN, Appellant,
v.
The CITY OF JACKSONVILLE, Etc., Appellee.
No. GG-300.
District Court of Appeal of Florida, First District.
March 13, 1978.
*51 Richard E. Gentry, Jacksonville, for appellant.
John R. Saalfield, Jacksonville, for appellee.
BOYER, Judge.
Appellant, plaintiff in the trial court, seeks review of a summary final judgment entered in favor of the defendant, appellee here.
The record on appeal contains a complaint, an answer, an order setting the case for trial, a motion for leave to file an amended answer, an order granting the latter motion, an order amending the answer, a motion for summary final judgment and the summary final judgment here appealed. None of the foregoing are under oath. Fla. App. Rule 3.6 l. provides that:
"Unless the record shows to the contrary, it shall be presumed, upon appellate proceedings, that the record transmitted to the Court contains all proceedings in the lower court material to the points presented for decision in the Court."
We must presume therefore that the record before us is complete.
Plaintiff's complaint alleged that the defendant city negligently maintained a roadway permitting a dangerous condition to exist in that a palm tree was located in the middle of the roadway without markings, signs, lights or notice. Plaintiff alleged that he was injured when he struck the palm tree while operating his automobile. The defendant filed no motion to dismiss but instead filed an answer denying negligence and alleging contributory negligence. An order was entered setting the case for trial. Eleven days prior to the scheduled trial the defendant City filed a motion for permission to amend its answer to include the affirmative defense of sovereign immunity. The trial court struck the case from the trial calendar and permitted the amended answer. Both briefs allege, though the record does not reveal, that the trial judge directed the filing of a motion for summary judgment. In any event such a motion was filed and was granted. The briefs both argue that the basis of the summary judgment was sovereign immunity which the defendant alleges to be jurisdictional. There is, however, no stipulation to that effect and the record is silent.
Appellant's first point is that the trial judge erred in permitting amendment of the answer to allege the defense of sovereign immunity. A trial judge has a very broad discretion with reference to permitting amendments to pleadings. The case was removed from the trial calendar and the plaintiff was afforded time to further plead had he so desired. Plaintiff was neither surprised nor prejudiced. We affirm on that point.
Appellant's second point relates to propriety of the summary judgment. As *52 above recited, none of the pleadings were under oath. Under that circumstance the allegations of the complaint have as much efficacy as the allegations of the answer. Fla.Civ.Proc. Rule 1.510(c) provides, in material part:
"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"
The judgment here reviewed is not a judgment on the pleadings nor a final order of dismissal in response to a motion to dismiss. There is a difference. (Bradham v. Hayes Enterprises, Inc., 306 So.2d 568 (Fla. 1st DCA 1975)) Neither does it appear that the learned trial judge considered the effect, if any, of F.S. 768.28, which became effective on January 1, 1975, long before the date of the subject accident as alleged in the complaint. The law applicable to entry summary judgments has been recited by this court on numerous occasions, and no useful purpose will be accomplished by repetition here. (See, for example, Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975), cert. dism. 336 So.2d 105 (Fla. 1976); Graff v. McNeil, 322 So.2d 40 (Fla. 1st DCA 1975), and cases therein cited.)
Whether or not appellant has a valid claim or whether appellee has a valid defense we do not here determine: Nor do we determine whether or not a summary final judgment may ultimately be properly entered. We do find, however, that the summary final judgment here appealed was prematurely entered on a record inadequate to support its entry.
Reversed and remanded for further proceedings consistent herewith.
McCORD, C.J., and McLANE, RALPH, M., Associate Judge, concur.