362 So.2d 478 (1978)
H.D. MANUCY, Jr., and Cheryl Manucy, His Wife, and Cheryl Manucy, Individually, Appellants,
v.
Carl MANUCY and Candy Manucy, His Wife, and South Carolina Insurance Company, Appellees.
No. JJ-201.
District Court of Appeal of Florida, First District.
September 21, 1978.
*479 Jill Brown and Robert Perry of Miller, Perry & Brown, Palatka, for appellants.
John J. Schickel, of Cowles, Coker & Myers, Jacksonville, for appellees.
BOYER, Judge.
Appellants seek on this appeal the reversal of a summary judgment entered against them on their complaint against appellees for dogbite injuries received by appellant-husband. After a complete review of the pleadings, depositions and affidavits in the record, we agree that summary judgment was improper and reverse.
The controlling principles relating to summary judgment, enunciated by this court in Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975), cert. dism., 336 So.2d 105 (Fla. 1976), and numerous subsequent cases, are essentially that summary judgment proceedings may not be used as a substitute for trial, that a summary judgment proceeding is not a trial by affidavit or deposition, that a trial court in ruling on a motion for summary judgment may not resolve controverted issues of fact, that the burden is upon the party moving for summary judgment to establish that there is no material fact and that he is entitled to a judgment as a matter of law, and importantly, that a summary judgment may be granted only in cases where there is no issue of material fact. See, e.g., Forrest v. Carter, 308 So.2d 141 (Fla. 1st DCA 1975); Norman v. Bank of Hawthorne, 321 So.2d 112 (Fla. 1st DCA 1975); Burlingham v. Allen, 317 So.2d 781 (Fla. 1st DCA 1975). In addition, every reasonable inference must be drawn in favor of the party against whom the motion is made. Wills v. Sears, Roebuck & Company, 351 So.2d 29 (Fla. 1977).
The facts here reveal that appellant H.D. (Tommy) Manucy was working at a construction site near the residence of the appellees when he received a message from appellee-wife to stop by the house on his way home from work. He later did so, and just as he stepped into the appellees' yard, two pit-bull dogs came out of the yard toward him and began barking and nipping at his pants. He retreated into the street and appellee-wife's son came out of the house and called the dogs away from him. Appellant then started back toward the house and was attacked and severely bitten by the male dog. Appellant stabbed the dog in self-defense. Appellant was taken to the hospital and the dog was taken to the veterinarian.
Appellants sued appellees in two counts, claiming first that they were strictly liable as dogowners under Section 767.04, Florida Statutes (1977), and second that they were liable under the common law for allowing dangerous animals to occupy their property. Depositions were taken and affidavits were filed. The issue on count one was simply whether appellees were the owners of the dog. On count two, the issue was whether appellees negligently allowed animals of known vicious tendencies to remain on their premises.
Our review of the record reveals conflicting evidence on both points. Although there was substantial evidence that appellee-wife's son, Larry Masters, was the owner of the dog, there was also admissible *480 evidence to the contrary. The veterinarian's receptionist testified on deposition that appellee-wife had called on the day of the incident and stated, "I have a dog named Diablo that is bleeding badly and we need medical treatment right away." In addition, the veterinarian's deposition stated that appellee-wife had told him "that she had raised the dogs on her premises since they were puppies." Other deposition and affidavit evidence demonstrated that the dogs were seen frequently at appellee's residence. In short, there was a "genuine issue of material fact" as to the ownership of the dog which should not have been taken away from the jury.
There was also conflicting evidence on the "landowner's liability" count. Appellees denied that the attack took place on their property and denied any knowledge of vicious tendencies in the dogs. However, Tommy Manucy stated in his deposition that he was in appellees' yard when the attack commenced, and several of appellees' neighbors submitted affidavits stating that other dogbiting incidents had occurred before the one involved here. One affidavit asserted that appellee-wife's son had admitted a previous dogbiting incident, although he stated at his deposition that he did not know of any vicious propensities in the dogs. One affiant stated that appellees' 13-year old daughter had told her the dog had bitten another person before this incident. Another affiant stated that he himself had been bitten by the dogs in the presence of Larry Masters' girlfriend/roommate, Diane.
We believe the inferences created by the affidavits on this point sufficed to create a jury issue. Furthermore, our decision in O'Steen v. Kemmerer, 344 So.2d 313 (Fla. 1st DCA 1977), does not preclude liability at this point in view of the conflicting evidence on whether the dogbite occurred on or off the appellees' property.
Therefore, applying the above-cited principles of summary judgment, we are of the view that appellees failed to meet their burden of conclusively showing the absence of any genuine issue of material fact. Accordingly, we reverse the summary judgment on both counts and remand for further proceedings.
McCORD, C.J., and MILLS, J., concur.