# MARITIME SAFETY SERVICE, INC., etc., et al. v OLLERMAN

## Appeal No. 86-4-AP

Twelfth Judicial Circuit, Manatee County

September 14, 1987

### APPEARANCES OF COUNSEL

**P. Allen Schofield, Schofield & Little, P.A.,** for appellant.

**David McLauchlin** for Fred J. Ollerman.

**Larry Thomas** for Norman L. Bush Auto Sales and Service Inc.

### OPINION OF THE COURT

DURAND J. ADAMS, Circuit Judge.

This is an appeal from a judgment against Appellants arising out of a non-jury trial. Appellants urge numerous grounds for reversal.

However, since it is dispositive, only one error shall be discussed. That error concerns the point on appeal regarding the issue of whether Appellee, Fred Ollerman, established sufficiently the defense of duress. Accordingly, just the facts necessary to analyze the duress issue need be recited.

In June of 1986, Appellee, Rebecca Christiansen and three (3) children sailed to Egmont Key in a sixteen foot sailboat owned by Appellee. For reasons immaterial here, the sailboat sank. Rebecca Christiansen called Appellant, Maritime Safety Service, Inc., about a tow. Appellant informed her that tow rates were $75.00 per hour. She engaged Appellant to come to the island. Upon arriving at Egmont Key, Appellant discovered Appellee's boat in a sunken condition with waves crossing over it. Appellant then informed Appellee that the situation called for salvage rates of $150.00 per hour rather than previously quoted tow fees. Prior to signing the waiver of liability, Appellant, Maritime Safety Services, Inc.'s representative engaged Ms. Christiansen and Appellee in a lengthy conversation during which he informed them that since there had already been structural damage to the boat he was not going to do anything at all in connection with towing it in unless Appellee signed a release.

Appellee testified that he signed a waiver relieving the Appellant of all liability for any damage to the boat before, during, or after the tow job, because,

. . . "I've already got two or two and a half hours tied up, worth $300.00 out of my pocket already, so I couldn't back out of it. I was . . . we were actually under duress. We couldn't change our minds. We were there."

In order to defeat the executed waiver of liability signed by Appellee, the trial court had to find that the release could be legally set aside because of duress. The record does not sufficiently reveal the requisite elements of duress. There are essentially two factors which must coexists in order to establish the legal concept of duress. One concerns itself with the person allegedly under duress; the other with the party allegedly imposing it.

It must be shown (a) that the act sought to be set aside was effected involuntarily and this was not as an exercise of free choice or will and (b) that this condition of mind was caused by some improper and coercive conduct of the opposite side. *City of Miami v. Fory,* 394 So.2d 494, at 497 (Fla. 3d DCA 1981). The ultimate fact to be determined is whether the purported victim's will was so overcome as to deprive him of free choice. *City of Miami v. Fory,* id.

There must be duress; and the duress must either be caused or imposed or known by the party in whose favor the duress redounds. *Associated Hous. Corp. v. Keller Bldg. Products,* 335 So.2d 362 (Fla. 5th DCA 1976).

The testimony offered *sub judice* does not establish either of the two factual requisites upon which the defense of duress rests. Clearly, Appellee had a choice. He could have left the boat on Egmont Key, transported everyone back to the mainland, and returned the next day to assess the damage to the boat in order to make his decisions. It is also clear that if Appellee felt compelled to hire Appellant to tow the boat that day, any compulsion was not of Appellant's making. Appellant did not impose any perceived coercion on Appellee, nor did Appellant know of Appellee's alleged lack of free will.

Appellant and Appellee entered into an agreement that insulated Appellant from liability arising out of towing Appellee's boat to shore. Without the agreement Appellant would not have engaged in the job. Appellant should be entitled to the benefit of the contract limiting liability since, on the record provided, there was insufficient evidence to establish that Appellee was under legal duress at the time he and Appellant entered into the agreement.

Accordingly, the judgment below is reversed, and the other points raised on appeal by Appellants are moot.

DONE AND ORDERED in Chambers, at Manatee County Courthouse, Bradenton, Florida, on this 14th day of September, 1987.