# BANKS v DADE COUNTY SCHOOL EMPLOYEES FEDERAL CREDIT UNION

## Case No. 86-230 AP (County Court Case No. 85-1086 CC 26)

Eleventh Judicial Circuit, Appellate Division, Dade County

February 26, 1988

### APPEARANCES OF COUNSEL

**Leslie Shear** for appellant.

**Bruce M. Boiko** for appellee.

Before BARAD, SHAPIRO, KORNBLUM, JJ.

### OPINION OF THE COURT

PER CURIAM

Dade County School Employees Credit Union was the judgment credit who brought garnishment proceedings against Barnett Bank, as garnishee, for collection against the account held by the judgment

debtor, MELVIN BANKS and his wife. The accounts were in the name of "MELVINA H. BANKS" or "MELVIN BANKS", and the funds in the account were to be disbursed by checks drafted by either of them.

Beginning with *First National Bank of Leesburg v. Hector Supply Co.,* 254 So.2d 777 (Fla. 1971), the case law in Florida has consistently established that the conjunction employed is not determinative of whether husband's and wife's bank account is a tenancy by the entireties. In *First National Bank of Leesburg,* the Third District Court of Appeal certified to the Florida Supreme Court the question of whether a joint checking account maintained by a husband and wife, may be garnished for the payment of the husband's judgment debt. The Florida Supreme Court responded:

". . . So long as a bank account contract or signature card is drafted in a manner consistent with the essential unities of the entireties estate, and so long as it contains a statement of permission for one spouse to act for the other, the requirements of form of the estate will have been met. However, . . . since the spouses may or may not intend that a tenancy by the entireties should result, the intention of the parties must be proven unless the instrument creating the tenancy clearly bears an express designation that the tenancy is one held by the entireties." (254 So.2d 781)

The requirements of a viable tenancy by the entirety are:

1. unity of possession (joint ownership and control);
2. unity of interest (the interest must be the same);
3. unity of title (the title interest must originate in the same instrument);
4. unity of time (the interest must commence simultaneously); and
5. unity of marriage.

Case law requires that this case be remanded for a determination of the intention of Melvina H. Banks and Melvin Banks as to their accounts. *First National Bank of Leesburg,* 254 So.2d 781; *Smith v. Hindery,* 454 So.2d 663 (Fla. 1st DCA 1984); *Norman v. Bank of Hawthorne,* 321 So.2d 112 (Fla. 1st DCA 1975).

The trial court erred in issuing its Final Judgment in Garnishment requiring that the moneys in these accounts be garnished for payment of Appellant's (husband only) judgment debt.

REVERSED AND REMANDED for further proceedings.