543 So.2d 754 (1988)
William THRASHER, Appellant,
v.
KOEHRING COMPANY and Sims Crane Service, Inc., Appellees.
Nos. 87-3130, 88-208.
District Court of Appeal of Florida, Third District.
November 29, 1988.
Rehearing Denied June 16, 1989.
Horton, Perse & Ginsberg and Edward A. Perse, George Nachwalter, Miami, for appellant.
Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler and Wendy F. Lumish and John D. Golden and Scott M. Sarason; Bruce Telander; Joe N. Unger, Miami, for appellees.
Before NESBITT and FERGUSON, JJ., and LETTS, GAVIN K., Associate Judge.
PER CURIAM.
Where the plaintiff in this product liability action gave sworn proof that (1) the crane which caused his injury was not negligently operated at the time of the injury, (2) immediately after the accident the crane boom "ran ten feet past the load," evidencing an operational defect, and (3) cranes of that type have a history of intermittent malfunction, the defendant was not entitled to a summary judgment based on an affidavit of its expert that the crane was not defective. Cassisi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA 1981) (it is immaterial that the plaintiff failed to identify the specific cause of the malfunction since it is inferred that the malfunction itself, under such circumstances, is evidence of the product's defective condition), citing the rule from Greco v. Bucciconi Eng'g Co., 283 F. Supp. 978 (W.D.Pa. 1967), aff'd, 407 F.2d 87 (3d Cir.1969) (when a product malfunctions during normal operation, a legal inference, which is in effect a mirror reflection of the Restatement's standard of product defectiveness, arises, and the injured plaintiff thereby establishes a prima facie case for jury consideration).
A plaintiff is not obligated to oppose a defendant's expert testimony with testimony of his own expert in order to survive the defendant's motion for summary judgment. Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975), cert. dismissed, 336 So.2d 105 (Fla. 1976) (a party against whom a summary judgment is sought is not required to file a counter affidavit in order to defeat the motion).
Reversed and remanded for further proceedings.