PARKER, Judge.
Early Robinson appeals the amended final summary judgment entered in favor of Hillsborough Area Regional Transit Authority (HART). We reverse.
Robinson filed a personal injury action against HART, which the trial court dismissed for Robinson’s failure to allege notice to the Florida Department of Insurance pursuant to section 768.28(6)(a), Florida Statutes (1983).* Robinson then filed an amended complaint against HART in which he alleged the performance of all conditions precedent to filing suit and specifically stated in part “on or about September 13, 1984, Defendant, HILLSBOR-OUGH COUNTY TRANSIT AUTHORITY, was notified pursuant to section 768.28 Florida Statutes (1983) of his claim ... [and] the Department of Insurance was notified pursuant to Section 768.28 Florida Statutes (1983) of this claim. That a copy of this notification is unavailable.” HART *479 denied these allegations in its answer and affirmatively defended on the ground that Robinson failed to notify the Florida Department of Insurance of the claim within three years of the event. Robinson denied the affirmative defenses.
HART also filed a request for admissions asking Robinson to admit or deny that he neither individually nor through his attorney gave written notice to the Florida Department of Insurance within the three-year period. In response to the request for admissions, Robinson’s current attorney stated that he had contacted Robinson’s two prior attorneys who stated that the attorneys and their personnel had no independent recollection of giving or not giving notice to the Department of Insurance but that the offices’ customary and usual practice during that time was to notify the Department of Insurance of a claim.
HART filed a motion for summary judgment directed toward the issue of whether appellant notified the Florida Department of Insurance. In support of its motion, HART filed an affidavit which stated that HART is a state agency or subdivision within the terms of section 768.28, Florida Statutes (1983). The trial judge granted summary judgment in favor of HART. Robinson filed a motion for rehearing. The trial judge denied the motion for rehearing and entered an amended order granting summary judgment and an amended final judgment in favor of HART.
The trial court’s entry of the summary judgment was error. The amended complaint and the response to request for admissions created a genuine issue of material fact of whether Robinson notified the Department of Insurance. See White v. Pinellas County, 185 So.2d 468, 471 (Fla.1966) (allegations of complaint should be accepted as true for purposes of summary judgment); Feinman v. City of Jacksonville, 356 So.2d 50, 52 (Fla. 1st DCA 1978) (allegations of unsworn complaint have as much efficacy as allegations contained in unsworn answer); Graff v. McNeil, 322 So.2d 40, 42 (Fla. 1st DCA 1975) (defendant required to negate under oath allegations in unsworn complaint in order to be entitled to a summary judgment). HART failed to negate under oath the allegation that Robinson notified the Department of Insurance of his claim. Robinson could prove the notification by offering evidence of the routine office practices of the law offices. See § 90.406, Fla.Stat. (1983). Further, an allegation regarding routine office practice must not be disregarded for lack of evidence that the practice was followed in the particular case. Lumbermens Mut. Casualty Co. v. Alvarez, 443 So.2d 279, 281 (Fla. 3d DCA 1983). Whether the practice was followed in this specific instance is a question of fact for the jury’s resolution.
REVERSED and REMANDED.
LEHAN, A.C.J., and PATTERSON, J., concur.

That statute provides in part:
(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing....
§ 768.28(6), Fla.Stat. (1983).