PER CURIAM.
This controversy concerns whether or not the appellants gave written notice to the Department of Insurance as is required by section 768.28(6)(a), Florida Statutes (1987). The trial court granted a summary judgment on this issue in favor of the appellee. We reverse.
By affidavit and deposition, Stephen Rush, a legal assistant in the law firm representing appellants, testified that he had such a letter prepared and that he signed it. The firm’s file copy of the letter is in evidence. He further related the normal office procedures of the firm which, if followed, would have resulted in the letter being mailed.
Representatives of the Department of Insurance testified as to its office procedures pertaining to the receipt and handling of mail, which if followed, reflect that the letter was not received.
*1323 This conflicting evidence must be resolved by the trier of fact, in this case the jury, and summary judgment was improper. See Robinson v. Hillsborough Area Regional Transit Authority, 545 So.2d 478 (Fla. 2d DCA 1989).
Reversed and remanded.
SCHEB, A.C.J., and. FRANK and PATTERSON, JJ., concur.