584 So.2d 75 (1991)
Margaree SCARLETT, et al., Appellants,
v.
PUBLIC HEALTH TRUST OF DADE COUNTY, Florida, etc., Appellees.
No. 91-565.
District Court of Appeal of Florida, Third District.
July 23, 1991.
Rehearing Denied September 16, 1991.
Kenneth C. Glover, Lakeland, for appellants.
Robert A. Ginsburg, County Atty., and Evan Grob, Asst. County Atty., for appellees.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
Appellant Margaree Scarlett fell out of a chair in the waiting room of Jackson Memorial Hospital. She claimed injury and her husband claimed loss of consortium. Appellants alleged that they gave written notice to the Department of Insurance as is required by section 768.28(6)(a), Florida Statutes (1989). The trial court granted a summary judgment in favor of the appellees. We affirm in part, reverse in part.
By affidavit and deposition, the secretary of appellant's attorney stated that she recalled mailing the notification of claim to the insurance commissioner's office and the hospital, as was routine office procedure. Jackson Memorial Hospital submitted the affidavit of an administrator of the Department of Insurance, stating that no claim by either of the Scarletts had been received.
As in the case of Myers v. Charlotte County, 555 So.2d 1322 (Fla. 2d DCA 1990), faced with such conflicting evidence, the issue must be resolved by the trier of fact, and summary judgment as to Ms. Scarlett's claim was improper. See Robinson v. Hillsborough Area Regional Transit Auth., 545 So.2d 478 (Fla. 2d DCA 1989).
As to the claim of Mr. Scarlett, we affirm the trial court's decision. The notice that the Scarletts' attorney claims to have mailed made no mention of a husband or his claim of loss of consortium as required by section 768.28(6). The letter referred only to "Margaree Scarlett," and made no mention whatsoever of Roland Scarlett. See Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA), review denied, 531 So.2d 1354 (Fla. 1988). Thus, *76 summary judgment in the hospital's favor was properly granted as to this claimant.
Accordingly, the decision of the trial court is reversed in part and affirmed in part.