363 So.2d 373 (1978)
Julius B. KITTRELL, Appellant,
v.
John A. CLARK et al., Appellees.
No. EE-419.
District Court of Appeal of Florida, First District.
September 25, 1978.
Rehearing Denied November 7, 1978.
Harvey R. Klein and H. Randolph Klein, Ocala, for appellant.
Kenneth H. MacKay, Jr. and Thomas C. Ranew, Jr. of Pattillo, MacKay & McKeever, Ocala, for appellees.
MILLS, Acting Chief Judge.
The question presented by this appeal is whether the probate of an estate of a former party in interest within 30 years after the recording of the root of title preserves the prior interest from extinguishment under the Marketable Record Title Act even though there is no description, inventory or mention in the probate proceedings of the property in question.
In 1903, R.S. Hall, appellee Hallie Hall Blocker's grandfather, conveyed certain land to H.M. and O. Goethe, "excepting and reserving from the operation of this conveyance all phosphate minerals, and oils upon, in or under any or all of the ... land." In 1905, H.M. Goethe, et al., conveyed the land to C.J. McGehee, et al., d/b/a McGehee Lumber Company by warranty deed containing the following clause:
"Reserving, however, unto said first parties, ... all phosphate, minerals and oils upon ... the lands above described, which were conveyed to first parties by R.S. Hall, [et al.]... ."
In 1910 McGehee Lumber Company conveyed the property without reservation to Florida National Land Company, and in 1914 Florida National Land Company conveyed the property to John A. Clark. The *374 latter deed, relied upon by appellant Kittrell as his root of title, made no reference to, and purported to convey, the phosphate, minerals and oils in the land previously reserved to R.S. Hall. In 1919, R.S. Hall died and his will, which devised all his real property to his wife, Mamie Hall, was probated in Marion County. The will did not particularly describe any real property, and nothing filed in the estate, including the Federal Estate Tax Return, which listed numerous real estate holdings, contained any description or reference to the subject mineral and oil rights. The estate of Mamie Hall, probated in 1948, does not contain any reference to the subject rights, and the Petition for Probate of Will recites that no real estate was owned by the decedent. No estate appears of record for W. Robert Hall, appellee's father, and the estate of Sarah D. Hall, appellee's mother, probated in 1968, contains no reference or inventory of the phosphate, minerals and oils. The appellant received title to the property in question in 1957 from John A. Clark, and filed this suit to quiet title in 1976.
Chapter 712 is Florida's Marketable Record Title Act. The Act provides that any person who, along with his predecessors, "... has been vested with any estate in land of record for thirty years or more, shall have a marketable record title to such estate in said land, which shall be free and clear of all claim except the matters set forth as exceptions to marketability in Section 712.03." Section 712.02. Section 712.03 lists the rights that are not extinguishable by the marketable record title. Among the rights that are not extinguished are estates or interests "... arising out of a title transaction which has been recorded subsequent to the effective date of the root of title." Section 712.03(4). A "title transaction" is defined as "... any recorded instrument or court proceeding which affects title to any estate or interest in land." Section 712.01(3).
Appellee Blocker contends that the probate of R.S. Hall's estate in 1919 was a court proceeding affecting title to the subject phosphate, mineral and oil interest which occurred subsequent to the date of the root of title, and therefore the interest is preserved pursuant to Section 712.03(4).
Under the common law in effect in Florida in 1919, no probate of a will of real estate was necessary. Redfern, Wills and Administration in Florida, fourth edition, § 10.07. However, under the Revised Statutes of 1892, wills of real estate could be admitted to probate. Section 1808, Florida Statutes (1892). Insofar as it concerned personalty, the probate of a will was conclusive as to its validity; insofar as it concerned real estate, probate was prima facie evidence as to the validity of the will. Section 1810. Wills which were admitted to probate were to be recorded by the county judge. Section 1814.
The will of R.S. Hall conveyed all of the real property owned by him to his wife. The will was admitted to probate and recorded in the office of the county judge.
We conclude that the probate and recording of R.S. Hall's will in 1919 was a "title transaction" within the meaning of Section 712.01(3) even though there was no description, inventory or mention in the will or probate proceedings of the specific property in question. Section 712.01(3) does not require that the "title transaction" specifically describe the estate or interest which it affects, and in 1919 there was no requirement that an inventory of real estate be filed in estate proceedings. Since the probate of R.S. Hall's estate was a title transaction recorded subsequent to Kittrell's root of title, the phosphate, minerals and oils interest was preserved from extinguishment by Section 712.03(4).
Appellant suggests that we construe "title transaction" to require the description of the land it purports to affect and that this would be consistent with the provisions of Sections 712.03(1) and 712.06(1)(c) which require an accurate description of the land or interest involved. This is a persuasive and appealing argument but we may not supply that which the legislature did not choose to include in Sections 712.01(3) and 712.03(4). This is the sole prerogative of *375 the legislature and we will not encroach upon its authority.
The judgment appealed is affirmed.
SMITH and ERVIN, JJ., concur.