BOYER, Judge.
By this appeal we are called upon to construe Chapter 712, Florida Statutes, commonly known as the Marketable Title Act. Appellant also raises procedural issues which, however, we find to be without merit.
On October 1, 1947 there was filed and recorded in the office of the Clerk of the Circuit Court of Liberty County, Florida a *1055 certain deed dated September 24,1947 from Ruth Gainey and ten other persons designated as parties of the first part in favor of George M. Walden and Rozelle Walden, his wife, designated as parties of the second part. Except as to name, marital status and county of residence none of the parties were otherwise described, nor was there any recitation of relationship. (Except as to the marital relationship of some of the parties.) The deed purported to convey certain land in Liberty County, Florida which was described by reference to section, township and range. The legal description concluded with the phrase “being the same lands conveyed by M. J. Solomon to Green Walden.” Except for that recitation there was no other mention of either M. J. Solomon nor Green Walden, nor was there any recitation as to whether M. J. Solomon or Green Walden were dead or alive nor whether either were related to any of the parties to the transaction.
By various conveyances not here material, portions of the property described in the above mentioned deed were conveyed by the grantees George M. Walden and Rozelle Walden, his wife, to various persons.
On May 28, 1975 a circuit judge in and for Liberty County, Florida entered a “Final Judgment Determining Heirs” in a proceeding entitled “In Re: Determination of the Heirs of Green Walden, Deceased” which final judgment determined that Virgil Q. Mayo and Sue Klein were both heirs of said Green Walden and that “their respective interests in and to his estate that have not been otherwise descended or conveyed, are as follows:” Vis each. Seven other persons were determined by said final judgment to also be heirs of said Green Walden and to each be entitled to a Vs interest in his estate. Said final judgment neither described nor mentioned any real nor personal property. That final judgment was filed in the office of the Clerk of the Circuit Court of Liberty County, Florida on the date of its entry, May 28, 1975.
On March 6,1977, Eva Owens and numerous other persons (appellees here) filed a multiple count complaint in the Circuit Court of Liberty County against Virgil Q. Mayo and Sue Klein (appellants here) seeking to quite title to the property which is the subject matter of this suit. Each count derived title from the deed first above mentioned dated September 24, 1947 alleging “actual, continuous, open, notorious, hostile, and exclusive possession, for more than seven years.”[1] Each count also alleged that the defendants, Virgil Q. Mayo and Sue Klein, claimed an interest in the subject property “by virtue of being heirs-at-law of Green Walden, deceased”.
On May 2, 1977 the plaintiffs (appellees here) filed an amended complaint (entitled “First Amended Complaint”) to which the defendants (appellants here) filed an answer containing affirmative defenses.
By order dated January 12, 1978 the plaintiffs were permitted to file a supplemental pleading adding to each count of their complaint (“First Amended Complaint”) the following paragraph:
“The Defendants claim an interest in the subject disputed parcel as heirs-at-law of Newton Walden, Deceased, and Green Walden, Deceased, who both died intestate on or before September 23,1947. As of October 2, 1977, the Defendants had filed no notice or other paper pursuant to Section 712.06, Florida Statutes, in the public records of Liberty County, Florida, with respect to the Plaintiffs or the subject disputed parcel. The subject disputed parcel has not been assessed in the names of either of the Defendants, or Green Walden, Deceased, Newton Walden, Deceased, or Susie Walden, Deceased, on the tax rolls of Liberty County, Florida, since 1972. As of October 2, 1977, the instrument under which the Plaintiffs claim, a warranty deed from Ruth Gainey and her husband, C. F. Gai-ney, et al, referred to in paragraph 2 above, recorded October 1, 1947, in Deed *1056 Book 33 at page 190, had been filed and had been recorded in the public records of Liberty County, Florida, in excess of thirty years.”
The Defendants moved to dismiss the supplemental pleading which motion was denied.
By order dated March 16, 1978 the trial court, acting on a motion for summary judgment filed by the plaintiffs, held:
“The Affidavits in support of the Plaintiffs’ Motion for Summary Judgment refer to a certain Final Judgment determining the heirs-at-law of Green Walden, Deceased, and a copy of that Final Judgment determining heirs is attached to the Affidavits. There is no genuine issue of material fact as to the Plaintiffs’ right to the relief prayed for based on Florida Statutes Chapter 712, and the sole question of law before this Court is whether the Final Judgment Determining Heirs presents an exception to Chapter 712 as set out in F.S.A. Section 712.03(4). This Court is of the opinion that said Final Judgment Determining Heirs is not such a title transaction giving rise to any estate or interest in or of the Defendants as to constitute an exception to the Plaintiffs’ right to recover pursuant to Florida Statutes Chapter 712. Therefore, it is hereby ordered that the Motion for Summary Judgment of the Plaintiffs, GEORGE WALDEN, ROZELLE WALDEN, and NEWTON WALDEN, as to Counts I and X of the Complaint filed in this cause is hereby granted. Upon proper motion and hearing, Final Judgment shall be entered in favor of said Plaintiffs in accordance with this Order, and Court retains jurisdiction to enter such other Order incident thereto that it may deem necessary.”
Appeal was taken from said Order and assigned this Court’s case no. JJ-377.
Thereafter the plaintiffs George Walden, Rozelle Walden and Newton Walden filed a Motion for Final Judgment which was granted, which final judgment recited, inter alia, that:
“The defendants are jointly and individually perpetually enjoined and restrained from further clouding in any manner or form the title to the said properties and each and every piece and parcel thereof, or from asserting any title, claim, or right to the above described parcel of real property owned by the plaintiffs, or from taking possession thereof, except by virtue of valid assignment of interest from the plaintiffs to the defendants.”
Appeal was taken from that final judgment and assigned this Court’s case no. LL-40.
The two cases have been consolidated by prior Order of this Court.
The first issue is as set out by the learned trial judge, viz: Whether the “Final Judgment Determining Heirs” which was entered and recorded before the expiration of thirty years following the date of recor-dation of the 1947 deed is a “title transaction” within the contemplation of F.S. 712.-03(4).
F.S. 712.01(3) defines “title transaction” to mean “any recorded instrument or court proceeding which affects title to any estate or interest in land.”
F.S. 712.02 provides:
“Any person having the legal capacity to own land in this state, who, alone or together with his predecessors in title, has been vested with any estate in land of record for 30 years or more, shall have a marketable record title to such estate in said land, which shall be free and clear of all claims except the matters set forth as exceptions to marketability in s. 712.03. A person shall have a marketable record title when the public records disclosed a record title transaction affecting the title to the land which has been of record for not less than 30 years purporting to create such estate either in:
“(1) The person claiming such estate; or
“(2) Some other person from whom, by one or more title transaction, such estate has passed to the person claiming such estate, with nothing appearing of *1057 record, in either case, purporting to divest such claimant of the estate claimed.”
F.S. 712.03 entitled “Exceptions to Marketability”, provides in material part:
“Such marketable record title shall not affect or extinguish the following rights: ******
“(4) Estates, interests, claims, or charges arising out of a title transaction which has been recorded subsequent to the effective date of the root of title.”
The term “root of title” is defined by F.S. 712.01(2) as follows:
“ ‘Root of title’ means any title transaction purporting to create or transfer the estate claimed by any person and which is the last title transaction to have been recorded at least 30 years prior to the time when marketability is being determined. The effective date of the root of title is the date on which it was recorded.”
Appellees rely upon the 1947 deed as being their “root of title”.
Since the entry of the order and final judgment here appealed by the learned trial judge this court has rendered an opinion in Kittrell v. Clark, 363 So.2d 373 (Fla. 1st DCA 1978) wherein it was held that the probate and recording of a Will which devised all of the decedent’s real property to his wife but did not particularly describe any real property, even though the various documents filed in the probate proceeding failed to refer to the real property interest involved in that case, nevertheless constituted a “title transaction” within the meaning of F.S. 712.01(3). The court specifically rejected the proposition that in order to qualify as a “title transaction” the affecting instrument must specifically describe the estate or interest which it affects, saying:
“Appellant suggests that we construe ‘title transaction’ to require the description of the land it purports to affect and that this would be consistent with the provisions of Sections 712.03(1) and 712.06(l)(c) which require an accurate description of the land or interest involved. This is a persuasive and appealing argument but we may not supply that which the legislature did not choose to include in Sections 712.01(3) and 712.03(4). This is the sole prerogative of the legislature and we will not encroach upon its authority.” (363 So.2d at pages 374, 375)
Applying the principle of that case to the facts sub judiee it appears that the “Final Judgment Determining Heirs” which was filed and recorded within 30 years from the date of execution and recordation of the 1947 deed (root of title) constituted “a title transaction which has been recorded subsequent to the effective date of the root title”. (F.S. 712.03(4)) Clearly, although said Final Judgment Determining Heirs did not describe any particular property, it determined appellants to be heirs-at-law of Green Walden, deceased, and it adjudicated “their respective interests in and to his estate”, thereby “affecting title to any lands owned by Green Walden at the time of his death.” (See F.S. 712.01(3))
It would appear, therefore, that based upon the principle of Kittrell v. Clark, supra, we should hold that the Final Judgment Determining Heirs adjudicating appellants to be heirs-at-law of Green Walden, deceased, was and is, contrary to the holding of the learned trial judge in the order appealed in Case No. JJ-377, “a title transaction giving rise to [an] estate or interest in or of the defendants [so] as to constitute an exception to the plaintiffs’ right to recover pursuant to Florida Statute Chapter 712.” However, our task is not so simple. As already repeatedly stated, the Final Judgment Determining Heirs simply determined that appellants are heirs-at-law of Green Walden, deceased, and that their respective interests in and to his estate is Vi6 each. However, there is nothing in the record on appeal to establish that Green Walden had any interest in the subject property at the time of his death. As already recited, the 1947 deed contained no recitation as to any relationship between any of the parties thereto and Green Walden. The only reference to Green Walden in that deed is the concluding clause of the *1058 legal description recited therein, to wit: “Being the same lands conveyed by M. J. Solomon to Green Walden.” Although an affidavit filed in support of the plaintiffs’ motion for summary judgment recites that “Green Walden, deceased, died without a Will, domiciled in Liberty County, Florida, on or before September 23, 1947.” and that “His estate was never probated.” There is not one recitation any place in the record that Green Walden was the owner of any property at the time of his death.
Accordingly, the record being silent as to the interest, if any, of Green Walden in the subject property at the time of his death, the record is insufficient to sustain a summary judgment in favor of, or against, any party to this proceeding. The case simply was not “ripe” for disposition in any manner at the time of the entry of the order and Final Judgment appealed in these consolidated cases. (See Connell v. Sledge (and USF & G), 306 So.2d 194 (Fla. 1st DCA 1975), cert. dism. 336 So.2d 105 (Fla.1976).)
Having so ruled, we find it unnecessary to consider the other points raised by the parties.
Reversed and remanded for further proceedings consistent herewith.
' McCORD, C. J., and MELVIN, J., concur.

. However, the trial court disposed of the case without considering the issue of adverse possession.