BOYD, Justice,
dissenting.
This cause is before the Court on petition for certiorari to review the decision in Kittrell v. Clark, 363 So.2d 373 (Fla. 1st DCA 1978), which conflicts with Wilson v. Kelley, 226 So.2d 123 (Fla. 2d DCA 1969). We have jurisdiction. Art. V, § 3(b)(3), Fla.Const. At issue is the construction and application of the Marketable Record Title Act, chapter 712, Florida Statutes (1975). I dissent from the Court’s denial of certiorari. This Court should exercise its constitutional conflict certiorari jurisdiction for the following reasons: (1) the decision conflicts with other Florida appellate decisions cited herein; and (2) the decision substantially emasculates the Florida Marketable Record Title Act.
The act provides:
Any person having the legal capacity to own land in this state, who, alone or together with his predecessors in title, has been vested with any estate in land of record for 30 years or more, shall have a marketable record title to such estate in said land, which shall be free and clear of all claims except the matters set forth as exceptions to marketability in s. 712.03. A person shall have a marketable record title when the public records disclosed a record title transaction.affecting the title to the land which has been of record for not less than 30 years purporting to create such estate either in:
(1) The person claiming such estate; or
(2) Some other person from whom, by one or more title transactions, such estate has passed to the person claiming such estate, with nothing appearing of record, in either case, purporting to divest such claimant of the estate claimed.
§ 712.02, Fla.Stat. (1975). Section 712.03 lists the interests that are not extinguishable by the marketable record title. Among the rights that are not extinguished are estates or interests “‘arising out of a title transaction which has been recorded subsequent to the effective date of the root of title.”
A “title transaction” is defined as “any recorded instrument or court proceeding which affects title to any estate or interest in land.” § 712.01(3), Fla.Stat. (1975). “Root of title” is defined as “any title transaction purporting to create or transfer the estate claimed by any person and which is the last title transaction to have been recorded at least 30 years prior to the time when marketability is being determined.” § 712.01(2), Fla.Stat. (1975).
The facts, as stated in the opinion of the district court, are as follows.
In 1903, R. S. Hall, appellee Hallie Hall Blocker’s grandfather, conveyed certain land to H. M. and O. Goethe, “excepting and reserving from the operation of this *911 conveyance all phosphate minerals, and oils upon, in or under any or all of the . . . land.” In 1905, H. M. Goethe, et al., conveyed the land to C. J. McGe-hee, et al., d/b/a McGehee Lumber Company by warranty deed containing the following clause:
“Reserving, however, unto said first parties . . .all phosphate, minerals and oils upon . . . the lands above described, which were conveyed to first parties by R. S. Hall, [et al.].
In 1910 McGehee Lumber Company conveyed the property without reservation to Florida National Land Company, and in 1914 Florida National Land Company conveyed the property to John A. Clark.. The latter deed, relied upon by appellant Kittrell as his root of title, made no reference to, and purported to convey, the phosphate, minerals and oils in the land previously reserved to R. S. Hall. In 1919, R. S. Hall died and his will, which devised all his real property to his wife, Mamie Hall, was probated in Marion County. The will did not particularly describe any real property, and nothing filed in the estate, including the Federal Estate Tax Return, which listed numerous real estate holdings, contained any description or reference to the subject mineral and oil rights. The estate of Mamie Hall, probated in 1948, does not contain any reference to the subject rights, and the Petition for Probate of Will recites that no real estate was owned by the decedent. No estate appears of record for W. Robert Hall, appellee’s father, and the estate of Sarah D. Hall, appellee’s mother, probated in 1968, contains no reference or inventory of the phosphate, minerals and oils. The appellant received title-to the property in question in 1957 from John A. Clark, and filed this suit to quiet title in 1976.
Kittrell v. Clark, 363 So.2d at 373-74.
The district court held that the probate of the estate of a former party in interest within thirty years after the recording of a root of title preserves the prior interest from extinguishment even though there is no description, inventory or mention of the property in the probate proceedings of the deceased prior owner. It would follow from this holding that the probate of estates of heirs of the claimant would continue to preserve the rights of ownership in them against the operation of the statute.
We have previously noted and commented on the declaration in section 712.10 that the act is to be “liberally construed to effect the legislative purpose of simplifying and facilitating land title transactions by allowing persons to rely on a record title . .” Marshall v. Hollywood, Inc., 236 So.2d 114 (Fla.1970). The district court’s construction violates the legislative mandate and creates confusion in the law. See also Sawyer v. Modrall, 286 So.2d 610 (Fla. 4th DCA 1974); Whaley v. Wotring, 225 So.2d 177 (Fla. 1st DCA 1969).
The decision of the court below conflicts with the decision in Wilson v. Kelley, 226 So.2d 123 (Fla. 2d DCA 1969). In that case the court considered the application of the act when the title transaction asserted as the root of title was a quit claim deed which, although describing the real estate by metes and bounds, did not specify the precise interest in the land which the grant- or was attempting to convey. The court held that the instrument was not a valid root of title because it did not evidence “an intent to convey an identifiable interest in the land.” Id. at 128. The court noted that the intent of the act is “to resolve any apparent estates or interests arising out of title transactions recorded subsequent to the root of title.” Id. at 127 (emphasis supplied).
In Wilson, the court required that a quit claim deed, when asserted as the title transaction constituting the root of title, describe the land and identify the interest being transferred. In the case at bar the court allowed as a “title transaction” the mere probate of an estate even though there was no description, inventory or mention in the probate proceedings of the property in question. The instrument in Wilson described the land but could not be a title *912 transaction because it failed to specify the interest conveyed. The purported title transaction in the instant case contained neither a description of the land nor any reference to it whatsoever. The decision below, therefore, conflicts with Wilson v. Kelley.
The public records contain the records of all probated estates, and the normal way for a title examiner to determine whether a decedent in an estate was the former ownér of real property is to examine the assets shown in probate. If the property is not listed, one may surmise that it is not the estate of a former owner, or that the claim of ownership has been abandoned. In surnames likes Jones and Smith countless estates of persons with the same first and last names are shown in probate. Since identifying the real property will no longer be required for the probate of a former owner’s estate to suspend operation of the statute, title attorneys will be required to institute countless quiet title suits against many former owners and their heirs to eliminate phantom claims to real property which may have been kept alive by the construction of the statute given by the district court in the case under review.
If the decision of the district court is correct, the Marketable Record Title Act may have caused more harm than good.
ENGLAND, C. J., and ADKINS, J., concur.